# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE: GENERIC PHARMACEUTICALS PRICING ANTITRUST LITIGATION** | **MDL 2724**<br>**16-MD-2724**<br>**HON. CYNTHIA M. RUFE** |
| **THIS DOCUMENT RELATES TO:**<br><br>*ALL END-PAYER ACTIONS* | **CIVIL ACTION NO.**<br>**19-CV-06011-CMR** |

# END-PAYER PLAINTIFFS' MEMORANDUM OF LAW
# IN SUPPORT OF THEIR MOTION FOR LEAVE TO AMEND
# THEIR SEPTEMBER 4, 2020 MULTI-DRUG COMPLAINT

**PRELIMINARY STATEMENT**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), End-Payer Plaintiffs ("EPPs") respectfully seek leave to amend their first amended complaint that was filed on September 4, 2020 within the *In re Generic Pharmaceuticals Pricing Antitrust Litigation* MDL. The proposed second amended complaint and redlines against the operative complaint are filed concurrently with this motion as Exhibits A and B.

Apart from routine, housekeeping edits—*e.g.*, correcting typos and other errors—the proposed amendment largely seeks to update this complaint (1) to correct certain inaccuracies identified by Defendants during meet and confers and through Plaintiffs' additional investigation, and (2) to add factual allegations to the existing claims in the complaint. The proposed amendment does not add any new defendants or drugs to the complaint, nor does it seek to expand the relevant time frame. Instead, EPPs seeks only to bring their complaint current with the state of developments in the MDL as of the agreed December 15, 2020 deadline for amending existing MDL complaints. By way of brief summary, the proposed amendment accomplishes the following:

- Clarifies and bolsters allegations related to a predecessor entity of Sandoz in response to information provided by counsel for Sandoz in meet and confers with EPPs and EPPs' subsequent investigation;

- Corrects and bolsters allegations related to a predecessor entity of Alvogen in response to information provided by counsel for Alvogen in meet and confers with EPPs and EPPs' subsequent investigation;

- Corrects allegations related to a predecessor entity of Breckenridge in response to information provided by counsel for Breckenridge in meet and confers with EPPs and EPPs' subsequent investigation;

- Adds allegations, primarily concerning newly identified phone communications, relating to the existing drug-specific conspiracies and to the overarching conspiracy alleged in the complaint.

1

Defendants have not answered or otherwise moved against EPPs' complaint, nor is there a schedule in place to do so. In addition, the parties' discovery protocol already includes all of the same products and time periods at issue in the proposed amended complaint. Finally, the EPP complaint is not part of the bellwether cases selected under the Court's July 13, 2020 Order. *See* Pretrial Order No. 132 (Bellwether Selection), ECF No. 1443.

In short, EPPs' proposed amendments are not futile, and Defendants would not be unduly prejudiced by them. Accordingly, the Court should grant EPPs' request for leave to file their amended complaint.

## ARGUMENT

Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has held that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In the absence of problems like "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [or] futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id. See also Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) ("Leave to amend must generally be granted unless equitable considerations render it otherwise unjust.").

As demonstrated below, EPPs' proposed amendments easily satisfy the standard for leave to amend under Rule 15(a)(2).

***No "undue delay, bad faith or dilatory motive."*** EPPs' proposed amendments to their complaint are not the product of undue delay. The facts EPPs seek to add to their amended

pleading are in response to new information provided, in large part, by Defendants in recent meet and confers with EPPs and other Plaintiffs, and through phone records recently produced in this MDL. Far from engaging in "undue delay," EPPs are promptly seeking to amend their complaints to conform to the claims they intend to prove at trial. *See Universal Delaware, Inc. v. Comdata Corp.*, No. 07-cv-01078, 2010 WL 11561116, at *1 n.3 (E.D. Pa. Mar. 25, 2010) (no undue delay when two years elapsed been original and amended pleading). Accordingly, this factor does not favor Defendants.

*No "repeated failure to cure deficiencies by amendments previously allowed."* Plaintiffs amended their complaint as of right in September 2020 in order to incorporate new drugs and allegations that had come to light in other MDL pleadings since the EPPs filed their initial complaint in December 2019. EPPs' updated first amended complaint has proven useful in ongoing discovery discussions with Defendants because it is a complete document. Now, EPPs seek to amend in order to clarify and correct this complaint in light of the information currently available to plaintiffs in the MDL. Defendants have not yet answered or moved against this complaint. Thus, this factor does not favor Defendants either.

*No "undue prejudice to the opposing party."* Courts have emphasized that "[m]erely claiming prejudice is insufficient: the party opposing amendment must show that it 'was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely.'" *Universal Delaware*, 2010 WL 11561116, at *1 n.3 (E.D. Pa. Mar. 25, 2010) (quoting *Arthur*, 434 F.3d at 206). Here, there is no articulable undue prejudice to Defendants. Document discovery in the MDL is ongoing and depositions have not begun. Moreover, the parties have established a protocol that already includes the products and time periods at issue in EPPs' proposed amended complaint.

3

***EPPs' proposed amendments would not be futile.*** Finally, EPPs' proposed amendments would not be futile. To date, EPPs' complaints have largely been sustained, as have other plaintiffs' complaints in this MDL. *See, e.g.*, *In re Generic Pharm. Pricing Antitrust Litig.*, 315 F. Supp. 3d 848 (E.D. Pa. 2018); *In re Generic Pharm. Pricing Antitrust Litig.*, 338 F. Supp. 3d 404 (E.D. Pa. 2018); *In re Generic Pharm. Pricing Antitrust Litig.*, 368 F. Supp. 814 (E.D Pa. 2019); *In re Generic Pharm. Pricing Antitrust Litig.*, 394 F. Supp. 3d 509, 533 (E.D. Pa. 2019). Even absent the proposed amendment, EPPs' current complaint is likewise sufficient under Rule 8 pleading standards.

The proposed amendment only enhances the plausibility of EPPs' claims with respect to Defendants' conspiracy to fix prices, rig bids, and allocate customers. For example, it clarifies and corrects the proper Defendant predecessor entities and adds communications between Defendants' representatives. Accordingly, this factor like the others above, does not favor Defendants.

\* \* \* \*

Because the "proposed amendment[s] may state a claim," and there are no "equitable considerations render [them] otherwise unjust," EPPs' should be "permitted to test [their] claim[s] on the merits." *Universal Delaware*, 2010 WL 11561116, at \*1 n.3 (citations omitted).

## **CONCLUSION**

For the foregoing reasons, the Court should grant EPPs' request for leave to file the proposed amended complaint.

DATED: December 15, 2020　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　 /s/ Roberta D. Liebenberg
　　　　　　　　　　　　　　　　　　　　　　Roberta D. Liebenberg
　　　　　　　　　　　　　　　　　　　　　　**Fine, Kaplan and Black, R.P.C.**
　　　　　　　　　　　　　　　　　　　　　　One South Broad Street, 23rd Floor
　　　　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19107
　　　　　　　　　　　　　　　　　　　　　　(215) 567-6565

　　　　　　　　　　　　　　　　　　　　　　**Lead Counsel for End-Payer Plaintiffs**